IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Great Elk Dancer for his Elk Nation, | : | |
| Plaintiff | : | Civil Action 2:13-cv-0565 |
| v. | : | Judge Watson |
| City of Logan, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Second Initial Screening Report and Recommendation

Plaintiff Great Elk brings this civil rights action under 42 U.S.C. §1983. On July 9, 2013, I filed a Report and Recommendation on Initial Screening under 28 U.S.C. §1915(e)(2) that found the complaint failed to plead claims against any defendant except Fire Chief Brian Roberton and, therefore, recommended that all defendants except Robertson be dismissed from this lawsuit. Instead of filing objections to the report and recommendation, plaintiff filed an amended complaint. (Doc. 5.) This matter is now before the Magistrate Judge on the amended complaint, the July 30, 2013 motion to strike filed by defendants City of Logan, Police Chief Aaron Miller, Lt. Gregg Cluley, Josh Mowery, Tony Byron, Ex. Law Director Bob Lilly and Fire Chief Brian Robertson (doc. 9), and the August 1, 2013 motion to strike filed by defendant J. Martin Irvine (doc. 13).

The amended complaint names as defendants the following person who were also named as defendants in the original complaint: Police Chief Aaron Miller, Lt.

Gregg Cluley, Officer Josh Mowery, Officer Tony Byron, Prosecution Attorney Liana Fetherolf, Mayor J. Martin Irvine, former Law Director Bob Lilly, Fire Chief Brian Roberston, and the Hocking County Probation Office and Employees.[1] (July 17, 2013 Amended Complaint, Introductory paragraph, p. 2, Doc. 5, PageID 31.) Named for the first time as defendants are: "William L. Archer, Jonah M. Savings, Judge John T. Wallace, and Steve Shaw in their official capacities." *Id.,*

As before, the complaint alleges a number of events that occurred more than two years ago. The statute of limitations for claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 is two years. See, *Browning v. Pendleton,* 869 F.2d 982, 992 (6th Cir. 1989)(*en banc*)(statute of limitations for § 1983 suit is two years); *Owens v. Okure,* 488 U.S. 235 (1989); *Friedman v. Estate of Jackie Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991)(statute of limitations for *Bivens* suit is two years). A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). Although the amended complaint alleges equitable tolling, it is clear from the original complaint and the amended complaint that plaintiff had knowledge of the alleged actionable conduct and the alleged harm he suffered as a consequence of that conduct at the time the alleged actionable conduct. Consequently, all of the actionable events alleged to have occurred before June 12, 2011 are barred by the statute of limi-

---

[1] The City of Logan, a defendant in the original complaint, is apparently not named as a defendant in the amended complaint.

tations. *See, Eidson v. State of Tennessee Dep't of Children's Services*, 510 F.3d 631, 635 (6th Cir. 2007).

The amended complaint contains the following allegations. On July 8, 2008, Chief of Police Aaron Miller visited plaintiff Elk's business, Mingo Trading Company LLC, because of a noise complaint in the middle of the day. He told Elk that he needed to get an event license. Elk spoke with Logan City Service Director Steve Shaw, but no license was given. (Complaint, Statement of Fact, ¶ 1, Doc. 5, PageID 41.) On June 2, 2010, Logan Police received an anonymous complaint about illegal gambling at Mingo Trading Company LLC. *Id.*, ¶ 2. On July 6, 2010, Elk visited Miller to complain about police spreading rumors or leaks that the store was being watched for drugs and other law violations. These rumors hurt Elk's business. *Id.*, ¶ 3.

On December 11, 2010, Logan Police received an anonymous complaint and wrongfully served a search warrant for illegal gambling machines that were, in fact, legal skill game machines. Law enforcement damaged business property and seized the machines. As a result, Mingo Trading Company lost business. On December 29, 2010, the Hocking County Prosecutor's Office, Liana Fetherolf, William L. Archer, and Jonah M. Savings brought four criminal charges against Elk for "skill-based amusement machine prohibited conduct." This was contrary to the Indian Gaming Act of 1988 that permits federally recognized Indian tribes to offer games of chance on tribal lands. *Id.*, ¶ 5. When Elk visited Fetherolf on December 13, 2010, she told him that she opposed the prosecution but Judge John T. Wallace was pushing the case. *Id.*, ¶ 6, PageID 42. While

3

the criminal charges were still pending against Elk, the owner of the machines was permitted to retrieve them on the condition that he not allow plaintiff to use them. *Id.*, ¶ 18, PageID 45. On August 31, 2011, the criminal charges for "skill-based amusement machine prohibited conduct" were dismissed without prejudice, but Elk "was told [he] could not operate Skill games under threat of new Criminal Charges." *Id.*, ¶ 12, PageID 44.

On December 30, 2010, Elk lost the opportunity to put an arcade in the First Building - Leighans Dance Studio because the building owner believed he would be conducting an illegal business on the premises. *Id.*, ¶ 7, PageID 42.

On May 7, 2011, Elk was traveling to Alabama for a Native American Gathering when he was contacted by Lt. Gregg Cluley by telephone. Cluley questioned him about whether he had illegally seized a non-profit organization. In Alabama, two undercover agents of the Department of the Interior, who said they were acting on an anonymous tip, seized Elk's hawk feather roach. Elk later got the feathers back. *Id.*, ¶ 8, PageID 43.

On May 21, 2011, Officer Josh Mowery stopped Elk's vehicle at 11:00 p.m. for rolling across a stop bar. It was night time and dark. The stop bar was severely faded. He inadvertently rolled a few inches by the stop bar. Plaintiff believes he and his companion "were being profiled." *Id.*, ¶ 9.

On June 8, 2011, Elk heard more rumors that "Police Officers were saying Mingo Trading Company LLC was a bad place." *Id.*, ¶ 10.

On June 20, 2011, Law Director Bob Lilly, William L. Archer, Jonah M. Savings,

and Liana Fetherolf brought a criminal indictment against Elk regarding Notoweega Nation Inc., a non-profit corporation that "is an extension of Tribal Government/ Religious organization." This was a tactic to get him to plead guilt on the gambling charges. *Id.*, ¶ 11.

On October 8, 2011, Officer Tony Byron stopped Elk's car without probable cause. Elk requested that a supervisor be called to the scene. Lt. Gregg Cluley appeared. He told Elk that he had been pulled over because he "was under an indictment on a different case and had no Ohio License . . . ." Elk showed them a New York license and they let him go. He received a summons and had to appear in court. *Id.*, ¶ 13. He represented himself in court, was found guilty, and paid a $200 fine. *Id.*

On October 10, 2011, after both felony criminal cases had been dismissed, Elk opened a new internet café in Logan. Police Chief Miller then harassed Elk at his new business, telling him, "Just wanted to make sure these aren't skill games." *Id.*, ¶ 14, PageID 44-45. On January 1, 2012, Elk received notice that he had to apply to Mayor Irving for an arcade license for the business. But the business was not an arcade and Elk did not possess any arcade machines. His business "was an Sweepstake Parlor." *Id.*, ¶ 16, PageID 45. From September 9, 2012 to April 2013, Elk's internet café was shut down "due to Made up Code Violations as a result of city's pursuit of Plaintiff's business." *Id.*, ¶ 22, PageID 46. On December 28, 2012, Elk received another request from the offices of Steve Shaw and J. Michael Irvin to renew an arcade license that he believed was illegal and unnecessary. *Id.*, ¶ 21.

5

On December 9, 2011, Elk was approached by a person who told him that at about 10:00 a.m. Officer Mowery was "asking around." *Id.*, ¶ 15, PageID 45. In January 2012, Elk received "information about Logan Police Officers following customers and harassing them after leaving [his] place of business." Officer Mowery tried to frame Elk when he told a woman he had pulled over and found marijuana in her possession that he would release her if she said she got it from Mingo Trading Company LLC. *Id.*, ¶ 17.

In August 2012, Elk "confirmed that the Hocking County Probation Office and its Officers had been for some time . . . threatening individuals with arrest should they shop at Plaintiff's store, Mingo Trading Company LLC, a Native American owned Store." *Id.*, ¶ 19.

In October 2011, the day after Elk's internet café opened, Fire Chief Brian Robertson posted a violation of occupancy and stop work order on the building. *Id.*, ¶ 20, PageID 46.

On March 6, 2013, a new skill games company was allowed to do business in Logan. This was after the court, prosecutor Liana Fetherolf and Police Chief Aaron Miller had told Elk he could not operate skill games. The complaint further alleges this was "prejudicial treatment, okay for someone else to operate and not me." *Id.*, ¶ 22.

In April 2013, Elk moved his business, The Red Door, to a new location and Fire Chief Brian Robertson "sent a letter to my new Landlord that his business needs to file for Occupancy of Change as an assembly. Another violation that has no merit." *Id.*, ¶ 24, PageID 47.

The Amended Complaint's Statement of Facts concludes that "Defendants have intended in concert with unknown parties on behalf of Locan City, whether purposefully or by nature of common ground, to impair and destroy Plaintiffs' business and relationships with the third parties and that denial of licenses and Police harassment was caused as a result of Plaintiffs' National Origin, in that he is Native American." *Id.*, PageID 47.

<u>Motions to strike amended complaint (docs. 9 and 13)</u>. Although defendants correctly state that *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997) held that a prisoner could not amend his complaint after initial screening to avoid dismissal, that case was recently overruled by *Lafountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013).

<u>Does the amended complaint state claims against defendants?</u> When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127

S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

<u>City of Logan</u>. Although the city is named in the caption, the amended complaint does not expressly allege that it is a defendant. Further, there are no allegations in the complaint regarding what the City of Logan did to deprive plaintiff Elk of a constitutional right. Accordingly, I RECOMMEND that the City of Logan be DISMISSED

<u>Defendants Hocking County Probation Office and Employees</u>. The Probation Office is not an entity capable of suing and being sued. Further, the amended complaint contains no allegation that, if proven, would demonstrate that defendants Hocking County Probation Office and Employees violated Elk's civil rights. The complaint fails to state a claim for relief against them.

<u>Defendants William L. Archer, Jonah M. Savings, Liana Fetherolf and Bob Lilly</u>. The allegations against these defendants all involve their performance of their duties as prosecutors. Consequently, the claims pleaded against them are barred by absolute prosecutorial immunity. *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976).

As discussed below, any claims against them arising out of the criminal prosecution for possession of gambling machines is barred by the two year statute of limitations for claims under 42 U.S.C. § 1983. The claim that they brought additional charges against Elk June 20, 2011 as a tactic to get him to plead guilty to the gambling charges simply fails to state a claim for relief under § 1983.

<u>Claims arising out of plaintiff Elk's criminal prosecution for possession of illegal gambling machines</u>. Although the statute of limitations for actions under 28 U.S.C. §

1983 is two years, *Browning v. Pendleton,* 869 F.2d 982, 992 (6th Cir. 1989)(*en banc*), the law about when a cause of action connected with criminal charges accrues is not always easy to apply. Ordinarily, a statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Cooey v. Strickland,* 479 F.3d 412, 416 (6th Cir. 2007); *Kelly v. Burks,* 415 F.3d 558, 561 (6th Cir. 2005). However, the United States Supreme Court held in *Heck v. Humphrey,* 512 U.S. 477, 487 (1994) that, if a favorable decision in an action under 42 U.S.C. § 1983 "would necessarily imply the invalidity of his conviction or sentence," the causes of action of a plaintiff who is challenging his criminal conviction or sentence do not accrue until the conviction has been set aside. Here plaintiff Elk was not convicted of a crime. The criminal charges were dismissed. In *Wallace v. Kato,* 127 S.Ct. 1091, 1097 (2007), the United States Supreme Court held that a cause of action for false arrest or false imprisonment accrues when the plaintiff is detained pursuant to legal process. The Court further rejected the arguments that *Heck* should apply based on the fact that a criminal prosecution was pending or that the statute of limitations should be tolled while the criminal prosecution was ongoing. 127 S.Ct. at 1098-1100. The Court asserted that "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* . . . invalidated . . . .'" *Id.,* at 1097. See, *Pethel v. Washington County Sheriff's Office,* 2007 WL 2359765, at *7 (S.D. Ohio August 16, 2007)(Hoslschuh, J.). *But see, Wolfe v. Perry,* 412 F.3d 707, 714-15 (6th Cir. 2005); *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 396 (6th Cir. 1999).

Even if plaintiff's constitutional claims did not accrue until the criminal charges were dismissed August 31, 2011, the amended complaint fails to state an actionable claim against any named defendant. The prosecutors are immune from suit for bringing the charges. *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). Judge John T. Wallace is immune from suit. A judge performing judicial duties is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). The alleged hearsay statement of prosecuting attorney Liana Feterolf that Judge Wallace was "pushing the case" is insufficient to state a claim against him.

Lt. Gregg Cluley. Plaintiff's suspicion that Cluley may have had something to do with Department of Interior agents seizing his hawk feather roach is insufficient to state a claim against him. Further, any claim arising out of the May 2011 seizure is barred by the two year statute of limitations for claims under 42 U.S.C. § 1983.

Officer Tony Byron. Elk was found guilty of a charge arising out of the October 8, 2011 stop. Consequently, he cannot now argue that the officer was without probable cause to stop him.

Police Chief Aaron Miller. The allegation that Miller came to Elk's new internet café business in October 2011 to "make sure these aren't skill games" fails to state a claim for the violation of a constitutional right. Further, there is no allegation of injury resulting from the visit.

Mayor J. Michael Irvin and Steve Shaw. Essentially the amended complaint

appears to allege that these defendants denied plaintiff Elk due process of law in connection with licensing and code violations for his internet café. At this early stage of the proceedings on initial screening, I cannot say that the amended complaint fails to state claims against them under 42 U.S.C. § 1983.

      <u>Officer Josh Mowery</u>. At the early, initial screening stage of this lawsuit, the complaint states a claim against Mowery for attempting in December 2011 to deprive plaintiff Elk of his property without due process of law.

      <u>Fire Chief Brian Robertson</u>. As previously held in my July 9, 2013 Report and Recommendation on Initial Screening, the complaint and the amended complaint state claims for relief against Chief Robertson for attempting in October 2011 and again in April 2013 to deprive plaintiff of the use of his property without according him due process of law.

      Accordingly, the Magistrate Judge RECOMMENDS that the defendants Judge John T. Wallace, City of Logan, Police Chief Aaron Miller, Lt. Gregg Cluley, Officer Tony Byron, prosecutors Liana Fetherolf, William Archer, and Johah M. Savings, former Law Director Bob Lilly, and the Hocking County Probation Office and Employees be DISMISSED from this lawsuit. These defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

      The lawsuit will continue as to the claims against Mayor J. Martin Irvine, Fire Chief Brian Roberston, Officer Josh Mowery, and Steve Shaw. Defendants' July 30 and August 1, 2013 motions to strike the first amended complaint (docs. 9 and 13) are

DENIED, but their motions for an extension of time to answer are GRANTED. These defendants are ORDERED to answer or otherwise respond to the complaint on or before **September 13, 2013**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge