UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Great Elk Dancer for his Elk Nation,

      Plaintiff,

    v.                              Case No. 2:13–cv–565

Aaron Miller, *et al.*,                  Judge Michael H. Watson

      Defendants.

## OPINION AND ORDER

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brings this civil rights action under 43 U.S.C. § 1983. In a nutshell, Plaintiff asserts Defendants arbitrarily and capriciously interfered with his business operations and targeted him for harassment because he is a Native American, thereby violating his federal constitutional rights. On August 19, 2013, the Magistrate Judge issued a Second Initial Screening Report and Recommendation ("R&R") in which he recommended that the Court allow this lawsuit to proceed against Defendants Mayor J. Martin Irvine, Fire Chief Brian Robertson, Officer Josh Mowery, and City Services Director Steve Shaw (collectively, "City Defendants"). R&R 11, ECF No. 17. He also recommended that the Court dismiss the remaining Defendants. *Id.* In addition, the Magistrate Judge recommended that the Court deny Defendants' motions to strike Plaintiff's first amended complaint. *Id.* at 11 (denying ECF Nos. 9 & 13). The City Defendants filed timely objections to the R&R. ECF No. 19. The Court now considers those objections.

## I. BACKGROUND

Plaintiff operates or operated businesses in the City of Logan, Ohio.

Defendants are various local officials and law enforcement officers.

The R&R summarizes the factual allegations underlying Plaintiff's claims

against the City Defendants as follows:

> On January 1, 2012, Elk received notice that he had to apply to Mayor Irvine for an arcade license for the business. But the business was not an arcade and Elk did not possess any arcade machines. His business "was an Sweepstake Parlor." *Id.*, ¶ 16, PageID 45. From September 9, 2012 to April 2013, Elk's internet café was shut down "due to Made up Code Violations as a result of city's pursuit of Plaintiff's business." *Id.*, ¶ 22, PageID 46. On December 28, 2012, Elk received another request from the offices of Steve Shaw and J. Michael Irvine to renew an arcade license that he believed was illegal and unnecessary. *Id.*, ¶ 21.

> On December 9, 2011, Elk was approached by a person who told him that at about 10:00 a.m. Officer Mowery was "asking around." *Id.*, ¶ 15, PageID 45. In January 2012, Elk received "information about Logan Police Officers following customers and harassing them after leaving [his] place of business." Officer Mowery tried to frame Elk when he told a woman he had pulled over and found marijuana in her possession that he would release her if she said she got it from Mingo Trading Company LLC. *Id.*, ¶ 17.

> In [September 2012], the day after Elk's internet café opened, Fire Chief Brian Robertson posted a violation of occupancy and stop work order on the building. *Id.*, ¶ 20, PageID 46.

> In April 2013, Elk moved his business, The Red Door, to a new location and Fire Chief Brian Robertson "sent a letter to my new Landlord that his business needs to file for Occupancy of Change as an assembly. Another violation that has no merit." *Id.*, ¶ 24, PageID 47.

The Amended Complaint's Statement of Facts concludes that "Defendants have intended in concert with unknown parties on behalf of Logan City, whether purposefully or by nature of common ground, to impair and destroy Plaintiffs' business and relationships with the third parties and that denial of licenses and Police harassment was caused as a result of Plaintiffs' National Origin, in that he is Native American." *Id.*, PageID 47.

R&R 3–7, ECF No. 17.

Plaintiff initiated this action, *pro se*, in June 2013, by submitting his complaint and moving for leave to proceed *in forma pauperis*. On July 9, 2013, the Magistrate Judge issued the first Report and Recommendation on Initial Screening under 28 U.S.C. § 1915(e)(2). ECF No. 3. In that Report and Recommendation, the Magistrate Judge found that Plaintiff failed to plead claims against any Defendant other than Fire Chief Brian Robertson and recommended that the other Defendants be dismissed. Rather than file objections to the Report and Recommendation, however, Plaintiff instead filed an amended complaint with more detailed allegations. ECF No. 5. The Magistrate Judge screened the amended complaint, and issued the Second Initial Screening Report and Recommendation on August 19, 2013, in which he recommended that Plaintiff's claims against the City Defendants be allowed to proceed. The City Defendants filed objections to the portions of that Report and Recommendation in which the Magistrate Judge concluded that Plaintiff's amended complaint states claims against them.

## II. STANDARD OF REVIEW

When a party files timely objections to a report and recommendation concerning a dispositive matter, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). After reviewing the report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(1)(3).

The statute governing *in forma pauperis* status provides in pertinent part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if it determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Sixth Circuit applies the following standard to determine whether a complaint passes muster under § 1915(e)(2)(B)(ii):

> When deciding whether a complaint states a claim for relief, all well-pleaded factual allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). The complaint must contain "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint suggesting "the mere possibility of misconduct" is insufficient. *Id.* at 680. *Pro se* complaints are liberally construed, however, and are held to less stringent standards than the

formal pleadings prepared by attorneys. *Williams*, 631 F.3d at 383.

*Floyd v. Cnty. of Kent*, 454 F. App'x 493, 496–97 (6th Cir. 2012).

## III. DISCUSSION

The City Defendants object to the Magistrate Judge's finding that Plaintiff states plausible claims against them and his recommendation that the Court allow those claims to proceed.

Plaintiff asserts his claims for violation of his constitutional rights under 42 U.S.C. § 1983.  To prevail under § 1983, Plaintiff must show that a person acting under color of state law deprived him of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States.  *Santiago v. Ringle*, 734 F.3d 585, 589 (6th Cir. 2013).  The City Defendants do not dispute that they acted under color of state law.

Construed liberally, Plaintiff states, or attempts to state, claims against the City Defendants for violating his rights to procedural and substantive due process as well as equal protection under the Fourteenth Amendment to the United States Constitution.  The essential elements of a procedural due process claim are: "(1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process." *Fields v. Henry Cnty., Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012).  To prevail on a substantive due process claim, a plaintiff must show: "(1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected

interest has been deprived through arbitrary and capricious action." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir.), *cert. denied*, 555 U.S. 1062 (2008). "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011). Here, in essence, Plaintiff ostensibly asserts that Defendants violated his right to due process by arbitrarily and capriciously misapplying the law against him and violated his right to equal protection by targeting him for harassment because he is a Native American.

## A. Mayor Irvine and Steve Shaw

The Magistrate Judge found that Plaintiff stated viable claims for violation of his Fourteenth Amendment right to due process against Mayor Irvine and City Services Director Steve Shaw based on those Defendants requiring Plaintiff to obtain and renew an arcade license when, according to Plaintiff, he was never operating an arcade and there were no arcade machines at his business. R&R 5, ECF No. 17. The Magistrate Judge did not specify whether the due process violation he found was procedural or substantive.

Irvine and Shaw argue that Plaintiff fails to state a procedural due process claim against them because Plaintiff did not exhaust his administrative remedies with respect to the arcade license issue, and there are no allegations that Plaintiff

suffered any damages in connection with these Defendants' requests that he obtain and renew the license. They also assert Plaintiff does not state a substantive due process claim because there are no allegations to support a plausible inference that Irvine and Shaw acted in an arbitrary and capricious manner.

Irvine and Shaw are correct that a procedural due process claim under § 1983 will not lie if the plaintiff had available an adequate state post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *over'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Nonetheless, Irvine and Shaw do not identify the specific state mechanism by which Plaintiff could challenge the license requirement other than to say he was not denied the opportunity to dispute it. Furthermore, Irvine and Shaw do not explain how the unspecified remedy was adequate. For these reasons, these Defendants cannot rely on such a purported remedy to defeat Plaintiff's procedural due process claim at the initial screening phase.

Plaintiff has also adequately alleged damage: he paid for licenses that he says were not required by law. In addition, affording the *pro se* amended complaint a liberal construction, and viewing the allegations in the light most favorable to Plaintiff, Plaintiff sufficiently alleges facts to support a plausible inference that Irvine and Shaw acted arbitrarily. Specifically, they required Plaintiff to obtain arcade licenses when there were never any arcade machines in

his establishment. If it was obvious no arcade license was required, it is plausible to infer that Irvine and Shaw acted arbitrarily. Plaintiff therefore also states a claim against them for violation of his right to substantive due process.

Moreover, Plaintiff avers that Defendants' conduct toward him was motivated by his national origin and that other similarly situated businesses were treated more favorably. Hence, Plaintiff also states a viable claim against Irvine and Shaw for violation of his right to equal protection of the laws.

In sum, the Court finds Plaintiff states plausible due process and equal protection claims against Irvine and Shaw. Accordingly, the Court declines to overturn the Magistrate Judge's recommendation that Plaintiff be permitted to proceed on his claims against them.

## B. Fire Chief Robertson

The Magistrate Judge concluded that Plaintiff stated a viable due process claim against Fire Chief Robertson. Specifically, the Magistrate Judge found that Robertson violated Plaintiff's due process rights when he issued a stop work order against Plaintiff's internet café after it moved to a new location in September 2012 for failure to obtain a new certificate of occupancy and by requiring Plaintiff to obtain a certificate of occupancy after he moved his internet café in April 2013.[1] The Magistrate Judge did not specify whether the due

---

[1]It is not entirely clear whether there were actually two separate instances when Chief Robertson required Plaintiff to obtain a new certificate of occupancy. Adding to the confusion, the Magistrate Judge indicated that Chief Robertson issued the stop work

process claim was procedural or substantive.

Chief Robertson argues that Plaintiff failed to exhaust his administrative remedies as to the stop work order Robertson issued in September 2012.  He maintains Plaintiff could have appealed the stop work order to the State of Ohio Board of Building Appeals pursuant to Ohio Revised Code § 3781.19.  Robertson also contends Plaintiff's allegations do not support a plausible inference that he acted in an arbitrary or capricious manner when he issued the stop work order and required Plaintiff to obtain a certificate of occupancy for the internet café.

An appeal to the Ohio Board of Building Appeals constitutes an adequate procedural system though which Plaintiff could have asserted his objections to the stop work order.  *See Bowersock v. City of Lima*, No. 3:07–cv–730, 2008 WL 2457242, at *1 (N.D. Ohio June 13, 2008).  Thus, Plaintiff's procedural due process claim is barred.  Nonetheless, that does not end the inquiry.  *See id*. at *2.  The Court does not read Plaintiff's amended complaint as asserting only procedural due process claims against Chief Robertson.  Rather, construed liberally, Plaintiff also advances a substantive due process that Chief Robertson acted arbitrarily and an equal protection claim that Robertson singled Plaintiff out for harassment and disparate treatment because he is a Native American.  Those

order in October 2011, apparently conflating the allegations against Police Chief Aaron Miller set forth in paragraph 11 of the amended complaint with the allegations against Fire Chief Robertson set forth in paragraph 20.  In any event, all of the allegations are tied to the assertion that Chief Robertson improperly required Plaintiff to obtain a new certificate of occupancy after he moved his business to a new location.

claims are not subject to the exhaustion requirement. *Id.*; *see FJN LLC v. Parakh*, No. 09-14262, 2012 WL 1048602, at *8 (E.D. Mich. Mar. 28, 2012); *MSI Regency Ltd v. Jackson*, No. 1:07–cv–900, 2008 WL 5130420, at *4 (S.D. Ohio Dec. 4, 2008).

Chief Robertson argues that Plaintiff does not state a viable substantive due process claim because Plaintiff has failed to plausibly plead that Robertson acted in an arbitrary and capricious manner.  Specifically, Robertson asserts that he had a rational basis for requiring a new certificate because the existing certificate of occupancy at Plaintiff's new business location was for "mercantile" and there is "no doubt" Plaintiff's internet café was not mercantile in nature because it was not going to be used to display and sell merchandise.  Objections 10, ECF No. 19.  Robertson's assertion that the internet café was not mercantile cannot be determined from the face of the complaint, in which Plaintiff asserts that the internet café fit within the mercantile category.  *See* Am. Compl. ¶ 20. Morever, Plaintiff contends the property was exempt because it was an historical building.  *Id.*  Hence, while Robertson might ultimately prevail on his argument, it does not serve as a ground to dismiss the claim at the initial screening stage.

Last, Chief Robertson makes passing reference to Plaintiff's assertion that his business was treated differently than other similarly situated businesses. Robertson does so, however, without mentioning the concept of equal protection. Without further augmentation, Robertson's fleeting reference to other businesses

is not sufficiently developed to warrant dismissal of Plaintiff's equal protection claim at this stage of the proceedings.

In sum, Plaintiff's procedural due process claim against Chief Robertson based on the stop work order is dismissed on the ground that an adequate state remedy existed. Nonetheless, Plaintiff's substantive due process and equal protection claims against Robertson may proceed.

## C. Officer Mowery

The Magistrate Judge found that Plaintiff stated a claim against Officer Mowery for attempting to deprive Plaintiff of his property in December 2011 without due process. R&R 11, ECF No. 17. Again, the Magistrate Judge did not indicate whether the claim was for a violation of substantive or procedural due process.

The amended complaint contains the following allegations against Mowery:

> On December 9, 2011, Elk was approached by a person who told him that at about 10:00 a.m. Officer Mowery was "asking around." *Id.*, ¶ 15, PageID 45. In January 2012, Elk received "information about Logan Police Officers following customers and harassing them after leaving [his] place of business." Officer Mowery tried to frame Elk when he told a woman he had pulled over and found marijuana in her possession that he would release her if she said she got it from Mingo Trading Company LLC. Id., ¶ 17.

R&R 6, ECF No. 17.

Officer Mowery argues Plaintiff fails to state a claim against him. He maintains that Plaintiff's assertion that Mowery was "asking around" cannot state

a claim because the United States Supreme Court has recognized that "[a]sking questions is an essential part of police investigations. *Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177, 185 (2004). Mowery also contends that the incident involving the woman he pulled over does not entail fabricated evidence and therefore fails to state a claim. Further, he suggests that Plaintiff merely alleges "that Officer Mowery offered to utilize his discretion not to charge the customer for possession of marijuana in exchange for information related to the identity of the individual that was dealing drugs." Objections 6, ECF No. 19.

The fact that Officer Mowery was "asking around" is, by itself, innocuous. Nonetheless, that allegation must be read in conjunction with Plaintiff's other averments and in the light most favorable to Plaintiff. When considered along with Plaintiff's assertions that Logan police officers were targeting Plaintiff's customers for harassment, "asking around" has a somewhat more ominous connotation. Together with those allegations, the Court must also consider that Mowery allegedly offered to release a woman he caught with marijuana if she implicated Plaintiff's business as the source of the drugs she possessed.

With respect to the latter allegation, the Court rejects Officer Mowery's contention that the incident with the woman he pulled over raises no constitutional concerns because Mowery did not fabricate evidence. That concept simply does not apply to these circumstances. Mowery additionally attempts to underplay the incident by suggesting that Plaintiff alleges no more

than Mowery was seeking information as to who sold the drugs to the woman. But Plaintiff's allegation is far more specific. He alleges Mowery offered the woman a *quid pro quo* deal whereby he would release her if she identified *Plaintiff's business* as the source of the marijuana. Viewing Plaintiff's allegations together and in the light most favorable to Plaintiff, the Court finds that Plaintiff states plausible due process and equal protection claims against Officer Mowery.

## IV. DISPOSITION

Based on the above, and after *de novo* review, the Court **OVERRULES** the City Defendants' objections to the Magistrate Judge's R&R except for the City Defendants' objection to the Magistrate Judge's finding that Plaintiff states a viable procedural due process claim against Chief Robertson. The Court **SUSTAINS** that objection. The Court **ADOPTS** the Magistrate Judge's R&R, ECF No. 17, to the extent it recommends that Plaintiff's claims proceed against the City Defendants. The Court **MODIFIES** the R&R to find that Plaintiff does not state a viable procedural due process claim against Chief Roberston for issuing the stop work order because Plaintiff apparently failed to pursue his statutory appeal to the Ohio Board of Building Appeals. That claim is **DISMISSED**. Moreover, the Court further **MODIFIES** the R&R to reflect that Plaintiff states plausible substantive due process and equal protection claims against the City Defendants. The City Defendants do not object to the Magistrate Judge's denial of their motions to strike, ECF Nos. 9 and 13. Accordingly, the Court **ADOPTS**

the Magistrate Judge's denial of those motions.

The Clerk shall remove ECF Nos. 9, 13, and 19 from the Civil Justice

Reform Act motions report.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**