IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Great Elk Dancer for his Elk Nation, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00565 |
| v. | : | Judge Watson |
| Aaron Miller, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on plaintiff Great Elk Dancer's December 15, 2014 petition for writ of mandamus directing compliance with mandate collateral order doctrine, continued violence doctrine, and federal Indian law (doc. 59).

Plaintiff seeks a writ of mandamus. He maintains that the Sixth Circuit erroneously remanded this case for lack of jurisdiction and that he could appeal this case under the collateral order doctrine. Plaintiff argues that this Court must honor its treaty obligations to the Indian tribe. Plaintiff maintains that the defendants have perpetrated great harm against him and the Notoweega Nation. Plaintiff requests that the Court clarify its opinion concerning plaintiff's tribal immunity, the application of the collateral order doctrine, and its lack of jurisdiction.

Discussion. "Mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief

1

sought." *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995). In *In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300, 303-04 (6th Cir.1984), the Sixth Circuit outlined five factors to consider when determining whether a writ of mandamus is proper: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief needed; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems, or issues of law of first impression. These factors are a balancing test, and the absence of any factor is not controlling. *Id.* at 304; *In re Parker*, 49 F.3d 204, 207 (6th Cir. 1995).

      Here, plaintiff is entitled to direct appeal once all the claims have been adjudicated. Plaintiff has not provided any evidence indicating that he will or has been prejudiced in a manner that could not be corrected on appeal. Plaintiff appears to be arguing that the remand of his appeal was erroneous, but the decision to remand this case by the Sixth Circuit was proper, and there has been no persistent disregard of the federal rules. Plaintiff also fails to identify any new and important problems or issues of law of first impression. As a result, none of the factors weigh in favor of issuing an mandamus. Because plaintiff has failed to demonstrate that he is entitled to such an extraordinary remedy, the Magistrate Judge RECOMMENDS that his request for a writ of mandamus (doc. 59) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
