## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Great Elk Dancer for his Elk Nation,**

      **Plaintiff,**                           **Case No. 2:13–cv–565**

      **v.**                                   **Judge Michael H. Watson**

**City of Logan, *et al.*,**

      **Defendants.**

## OPINION AND ORDER

Great Elk Dancer for his Elk Nation ("Plaintiff"), proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 against several officers of the City of Logan, Ohio (collectively, "Defendants"). He claims that Defendants arbitrarily and capriciously interfered with his business operations and targeted him for harassment because he is Native American, thereby violating his federal constitutional rights.

Pending before the Court are Plaintiff's objections to two Orders and a Report and Recommendations ("R&R") issued by former Magistrate Judge Mark Abel[1] regarding Plaintiff's motion for counsel, the production of evidence, and a writ of mandamus. ECF Nos. 37, 43, & 59. Additionally, Defendants have moved for summary judgment on all of the counts remaining after the initial screen of Plaintiff's complaint. ECF No. 42.

---

[1] Upon Magistrate Judge Abel's retirement, Magistrate Judge Terence Kemp was reassigned to this case. ECF No. 68.

For the following reasons, the Court **OVERRULES** Plaintiff's objections to Magistrate Judge Abel's Orders, ECF Nos. 53 & 54, and R&R, ECF No. 64, **ADOPTS** Magistrate Judge Abel's R&R, ECF No. 64, and **GRANTS** Defendants' motion for summary judgment, ECF No. 42.

## I.    FACTUAL BACKGROUND

At all relevant times, Plaintiff operated small businesses in the City of Logan, Ohio.  Defendants are various local officials and law enforcement officers: Mayor J. Michael Irvine ("Mayor Irvine"), Service Director Steve Shaw ("Service Director Shaw"), Fire Chief Brian Robertson ("Fire Chief Robertson"), and Officer Josh Mowery ("Officer Mowery").

Plaintiff asserts that Defendants violated his right to due process by arbitrarily and capriciously misapplying the law against him or taking away a constitutionally-protected right without due process.  He argues they violated his right to equal protection by harassing him because he is a Native American.

The following facts are taken from Plaintiff's complaint, ECF No. 5.

On December 9, 2011, Plaintiff was approached by a person who told him that Officer Mowery was "asking around." *Id.* ¶ 15.  In January 2012, Plaintiff received "information about Logan Police Officers following customers and harassing them after leaving [his] place of business." *Id.* ¶ 17.  At this time, Plaintiff alleges that Officer Mowery tried to frame Plaintiff when Officer Mowery pulled over a customer named "Liz," and, after finding marijuana in her

possession, "Officer Mowery told her if she said she got it from the Plaintiff's business . . . Officer Mowery[] would release her." *Id.*

On January 1, 2012, Plaintiff received notice that he needed to apply to Mayor Irvine for an arcade license for one of his businesses.  He alleges that the business was not an arcade and that he did not possess any arcade machines. Instead, this business "was an [sic] Sweepstake Parlor." *Id.* ¶ 16.  Plaintiff obtained an arcade license for one of his businesses.  It is not clear if it is the same business as the one articulated in his complaint.

Plaintiff alleges that almost a year later, on December 28, 2012, he received a request from the offices of Mayor Irvine and Service Director Shaw to renew an arcade license.  Plaintiff believes that the license was illegal and unnecessary. *Id.* ¶ 21.

In September 2012, the day after Plaintiff's internet café opened, Fire Chief Robertson posted a violation of occupancy and stop work order on the building. *Id.* ¶ 20.  From September 2012 to April 2013, the internet café was shut down "due to Made up Code Violations as a result of [sic] city's pursuit of Plaintiff's business." *Id.* ¶ 22.

In April 2013, Plaintiff moved one of his businesses to a new location, and "once again Fire Chief Brian Robertson, sent letter to Plaintiff's new Landlord that his business needs to file for Occupancy of Change as an assembly." *Id.* ¶ 24.

In conclusion, Plaintiff claims that "Defendants have intended in concert with unknown parties on behalf of the City of Logan, whether purposefully or by

nature of common ground, to impair and destroy Plaintiff's business and relationships with the third parties and that denial of licenses and Police harassment was caused as a result of Plaintiff's National Origin, in that he is Native American." *Id.* at PAGEID # 47.

Based on these allegations, Plaintiff sues Defendants for violating his substantive and procedural due process rights as well as his equal protection under the Fourteenth Amendment to the United States Constitution.

## II.    PROCEDURAL HISTORY

On March 28, 2014, the Court determined that Plaintiff stated plausible substantive and procedural due process and equal protection claims against Mayor Irvine, Service Director Shaw, and Officer Mowery and substantive due process and equal protection claims against Fire Chief Robertson.  Order 8, 11, 13, ECF No. 25 (adopting in part Magistrate Judge Abel's August 19, 2013 R&R, ECF No. 17).   The Court dismissed Plaintiff's claims against the remaining defendants. *See id.* at 1.

On September 16, 2014, Plaintiff moved for appointment of counsel and the apportionment of funds for a tribal attorney.  ECF No. 37.  On October 23, 2014, Plaintiff moved to compel the production of certain documents.  ECF No. 43.  Magistrate Judge Abel denied these two motions, ECF Nos. 53 & 54, and Plaintiff objected, ECF Nos. 55 & 56.

On January 15, 2014, Plaintiff filed a petition for a writ of mandamus seeking to appeal another of Magistrate Judge Abel's Orders.  ECF No. 59.

Thereafter, Magistrate Judge Abel issued an R&R ("R&R II") recommending the Court deny this motion.  R&R II 2, ECF No. 64.  Plaintiff timely objected.  ECF No. 65.

In addition, Defendants have moved for summary judgment.  ECF No. 42. This motion, Magistrate Judge Abel's Orders, and the R&R are ripe for review.

The Court first turns to Plaintiff's objections to Magistrate Judge Abel's Orders before considering R&R II and motion for summary judgment.

### III.    ANALYSIS

#### A. Objections to the Magistrate Judge's Orders.

Plaintiff objected to two of Magistrate Judge Abel's orders under Federal Rule of Civil Procedure 72(a).  Fed. R. Civ. P. 72(a) (allowing parties to seek review of nondispostive orders issued by a Magistrate Judge).  The Court "modif[ies] or set[s] aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*

#### 1.  Plaintiff's Motion for Appointment of Counsel

Plaintiff moved for the appointment of an attorney "to enable [him] to effectively prepare for trial."  Mot. 2, ECF No. 37.  Plaintiff claimed that his case is complex and stated that he questions his own ability to represent himself.  *Id.* at 3.  Plaintiff also argued that 25 C.F.R. § 89.41 requires the Court to provide funds for an expert in this case.  *Id.* at 5.

Magistrate Judge Abel disagreed and considered the following factors when making his determination: (1) whether Plaintiff has a colorable claim,

(2) whether he is able to adequately investigate the facts, (3) whether he lacks the capacity to represent himself, (4) whether there is conflicting testimony which could best be tested by counsel, and (5) the complexity and the legal issues raised. R&R 1–2, ECF No. 53 (citing cases).  Magistrate Judge Abel also pointed out that "the pleadings plaintiff has filed demonstrate that he has the ability to represent himself." *Id.*  Magistrate Judge Abel that 25 C.F.R. § 89.41 that "do[es] not authorize the Court to provide funds to appoint legal counsel to Indian tribes." *Id.* at 2.  Magistrate Judge Abel therefore denied Plaintiff's motion. *Id.*

Plaintiff objects to Magistrate Judge Abel's Order, but he does not aver that Magistrate Judge Abel's decision was clearly erroneous or contrary to law. Rather, Plaintiff states that "[f]iling motions is only a minute part of presenting cases" and that the "use of 'Federal Indian Law'" makes his case "an exceptional one." Obj. 2, ECF No. 55.  He also claims that "an expert witness's testimony will be allowed to assist the jury or the court in determining the facts in a lawsuit." *Id.* at 3, s*ee also id.* 3–6 (quoting in its entirety Federal Rule of Evidence 702). Plaintiff asserts his right to appropriations for attorney fees pursuant to 25 C.F.R. Part 89.  *Id.* at 7–9.

While Plaintiff is correct to point out that a case is often more than just about filing motions and that 25 C.F.R. Part 89 provides an opportunity for plaintiffs to obtain funds to pay for a lawyer, in certain circumstances, his objection amounts to a mere disagreement with Magistrate Judge Abel's

determination.  Disagreement does not amount to a clearly erroneous finding or a determination contrary to law.  While Plaintiff's claims surround the actions of officers of the City of Logan, the legal basis for his argument is not "Federal Indian Law"—it is the United States Constitution.  Magistrate Judge Abel correctly determined 25 C.F.R. § 89.41 is inapplicable.  25 C.F.R. § 89.41 (providing means for the "*Assistant Secretary [of] Indian Affairs* . . . [to] authorize the direct or indirect expenditure of appropriated funds to pay reasonable attorney fees in order to permit an *Indian tribe* to secure private legal representation" and in certain circumstances) (emphasis added)).

Accordingly, Plaintiff's objection to Magistrate Judge Abel's Order, ECF No. 53, is **OVERRULLED**.

### 2. Plaintiff's Motion to Compel

Plaintiff moved to compel the production of "all digital, files and notes that were stolen from plaintiff[]. . . ." during the course of an investigation conducted by the Ohio Bureau of Criminal Investigation ("BCI").  Mot. 1, ECF No. 43. Plaintiff claimed that the "BCI entered the Notoweega Nations Sovereign Business and served an inappropriate search warrant."  *Id.*  He stated that he made attempts to contact the BCI but has yet to receive a call back.  *Id.* at 2.

Magistrate Judge Abel denied Plaintiff's motion, finding that the "Court does not have the authority to grant the relief plaintiff seeks.  If [P]laintiff seeks the return of his property, he must file a motion to return property in the court that

issued the search warrant that resulted in the seizure of the items."  Order 1,

ECF No. 54; *see id.* n.1 (citing Ohio Rev. Code §§ 2981.11(A)(1), 2981.03).

Plaintiff objects to Magistrate Judge Abel's Order, claiming that the Court

created a "conflict of interest" by "remanding Plaintiff to the lower courts" and

erroneously applied the Ohio Revised Code.  Obj. 2, ECF No. 56.  Plaintiff states

that he "only seeks to have Documents and Digital Materials return[ed] that might

provide evidence in this case."  *Id.*

Plaintiff's objection is not well taken.  If Plaintiff's property is in the

possession of the BCI, an Ohio law enforcement agency, Plaintiff must follow the

procedures prescribed under Ohio law*. See* Ohio Rev. Code § 2981.03

(describing the process by which an individual can obtain previously seized

property).  If dissatisfied with the initial decision of the state court, Plaintiff's

recourse is to appeal in the appropriate Ohio Court of Appeals.

Accordingly, Plaintiff's objection to Magistrate Judge Abel's Order, ECF

No. 54, is **OVERRULED**.

### B. R&R Denying Plaintiff's Petition for a Writ of Mandamus

On July 3, 2014, Defendants moved to deem facts admitted under Federal

Rule of Civil Procedure 36(a)(3).  ECF No. 32.  This motion went unanswered.

On September 9, 2014, Magistrate Judge Abel granted that motion.  ECF No. 36.

As a result, the requests for admissions that Defendants sent to Plaintiff on May

7, 2014 as part of the discovery process were deemed admitted by Plaintiff.  *See*

Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days of being

served, the party to whom the request is directed serves on the requesting party a written answer or objection.").

Plaintiff filed a notice of interlocutory appeal on November 4, 2014, ECF No. 44, appealing Magistrate Judge Abel's Order.

The United States Court of Appeals for the Sixth Circuit dismissed the appeal for lack of jurisdiction.

Thereafter, Plaintiff filed in this Court a "petition for a writ of mandamus directing compliance with mandate collateral order doctrine, continued violence doctrine and federal Indiana law." Pet. 1, ECF No. 59. Plaintiff claims that the Magistrate Judge's Order deeming facts admitted was the equivalent of an order entering final judgment and is thus severable from the general subject of the litigation. *Id.* at 2. Plaintiff asserts that his case meets the requirements of the collateral order doctrine. *Id.* at 4. Plaintiff also asks the Court to clarify his immunity as a member of the Notoweega Nation. *Id.* 3–4.

Magistrate Judge Abel issued an R&R recommending that the Court deny Plaintiff's petition because Plaintiff has not provided evidence to indicate "that he will or has been prejudiced in a manner [by the use of the admissions] that could not be corrected on appeal." R&R II 2, ECF No. 64. Magistrate Judge Abel considered the applicable factors to consider when a party seeks a writ and concluded that "none of the factors weigh in favor of issuing a[] mandamus." *Id.*

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may

serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

While Plaintiff filed an "Objection to Response and Recommendation Denying Petition of Writ of Mandamus," he does not respond to Magistrate Judge Abel's recommendation regarding the admissions.  Rather, he devotes the entirety of his "Objection" to argue a "Motion to Determine Trial Immunity."  He states that "[d]eferring a ruling on the issue of Tribal sovereign immunity and proceeding with this discovery and litigation would be inappropriate."  Obj. 1, ECF No. 65.  It appears that Plaintiff argues that he possesses some type of immunity and that any discovery will not aid in the Court's determination regarding this immunity. *See id.* at 1–2.

Plaintiff's argument is not well taken.  The Order for which Plaintiff seeks a writ of mandamus is an Order that granted Defendants' unopposed motion to deem facts admitted; Magistrate Judge Abel's Order does not address the merits of Plaintiff's immunity claim.  Plaintiff's objection does not provide any argument in response to the Magistrate Judge's R&R; instead, he used what is his "Objection" to argue that "the Plaintiff is protected by Tribal Immunity under the Sovereignty of The Notoweega Nation and that the City of Logan, et al lacks

Subject Matter Jurisdiction."  Obj. 10, ECF No. 65.  Accordingly, Plaintiff's

"Objection"—to the extent that it objects to Magistrate Judge Abel's R&R—is

**OVERRULED**.  To the extent Plaintiff asserts immunity, that argument is

addressed below.

### C. Defendants' Motion for Summary Judgment

#### a. Party Positions

Defendants move for summary judgment on all of the remaining claims.

Defendants argue that Plaintiff's claims are barred by statute of limitations, that

Plaintiff's constitutional rights were not violated, that Plaintiff fails to make out a

prima facie equal protection claim because he cannot show that similarly situated

persons outside of his race were not prosecuted, that there is no evidence that

any of the city officials acted in violation of Plaintiff's due process rights, that

Plaintiff did not produce any evidence that he was deprived of a protected

property interest, and that qualified immunity protects Defendants from liability for

civil damages.

In response, Plaintiff argues that he is a entitled to tribal immunity.  Sur-

Reply 2, ECF No. 52.  "Therefore the only burden on the Plaintiff should be that

Plaintiff show Defendants merely *acted* in violations and abrogation of Sovereign

Tribal Immunity through litigation or Defendants' admittance of statements

regardless of what faith they were acting in."  *Id.* (emphasis in original).  He

concludes that "if there is any possible theory that would entitle the Plaintiff to

relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case." *Id.*

### b. Standard of Review

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cnty. Dept. of Children and Family Serv.*, 640 F.3d 716, 723 (6th Cir. 2011). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

### c. Discussion

After the initial screening of Plaintiff's complaint, the Court determined that Plaintiff sufficiently alleged due process and equal protection claims against Defendants Mayor Irvine, Service Director Shaw, Fire Chief Robertson, and Officer Mowery.

Plaintiff asserts those claims under 42 U.S.C. § 1983. To prevail under § 1983, Plaintiff must show that a person acting under color of state law deprived him of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States. *Santiago v. Ringle*, 734 F.3d 585, 589 (6th Cir. 2013). Defendants do not dispute that they acted under color of state law.

Defendants move for summary judgment on all claims. They assert that they are entitled to qualified immunity. Mot. Summ. J. 18, ECF No. 42 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982)). Plaintiff does not respond to this argument.

> Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation. A government official performing a discretionary function is entitled to qualified immunity from a suit for civil damages unless his actions have violated a clearly established statutory or constitutional right. Thus, a plaintiff must prove two factors to show that a government official is not entitled to qualified immunity from his suit: (1) that the facts as alleged by him show a violation of a constitutional right; and (2) that such violated right was clearly established.

*LeMarbe v. Wisneski*, 266 F.3d 429, 434 (6th Cir. 2001) (internal quotation marks and citations omitted).

Accordingly, the Court will first consider whether Plaintiff's allegations against Defendants show a violation of a constitutional right.

"Substantive due process can serve as a check on legislative enactments thought to infringe on fundamental rights otherwise not explicitly protected by the Bill of Rights, as a check on official misconduct which infringes on a fundamental right, or as a limitation on official misconduct which, although not infringing on a fundamental right, is so literally 'conscience shocking,' and hence oppressive, as to rise to the level of a substantive due process violation." *Howard v. Grinage*, 82 F.3d 1343 (6th Cir. 1996). To prevail on a substantive due process claim in this context, a plaintiff typically must show: "(1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008); *see also Warren v. City of Athens, Ohio*, 411 F.3d 697, 707 (6th Cir. 2005).

To prevail on a procedural due process claim, Plaintiff must demonstrate that there is a genuine dispute of material fact as to whether he has a life, liberty, or property interest requiring protection under the Due Process Clause and whether that interest was abridged without appropriate process. *Fields v. Henry*

*Cnt., Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012); *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002).

"The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011).

For the following reasons, the Court **GRANTS** Defendants' motion for summary judgment.

As an initial matter, Plaintiff asserts that he possesses tribal immunity yet fails to articulate how that affects the claims he asserts in this Court *against* Defendants.  To the extent that Plaintiff believes that Defendant should not have instituted any action against Plaintiff—civil, criminal, or administrative—due to the fact that he personally and/or his actions are immune from any such action, *see Michigan v. Bay Mills Indian Comm.*, 134 S. Ct. 2024, 2030 (2014) ("Indian tribes are domestic dependent nations that exercise inherent sovereign immunity." (citation and internal quotation marks omitted)), Plaintiff should have asserted this claimed immunity in defense of those actions.  The fact remains that Plaintiff subjected *himself* to the jurisdiction of this Court, which constitutes a waiver of any immunity.

To the extent that Plaintiff argues that his immunity in those contexts constitute grounds for his now asserted claims, the Court notes that Plaintiff has

submitted no evidence to confirm that he is a member of a congressionally recognized Indian tribe or a legal representative of an Indian tribe. "Indian *tribes* are domestic dependent nations that exercise inherent sovereign authority over their members and territories. Suits against Indian *tribes* are thus barred by sovereign immunity absent a clear waiver by the *tribe* or congressional abrogation." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 509, (1991) (internal citations and quotation marks omitted) (emphasis added). Accordingly, the Court finds, based on the record before it at this time, that Plaintiff is apparently not in a position in which he can even legally assert immunity.

Another preliminary matter that needs to be addressed is Plaintiff's repeated objection to Magistrate Judge Abel's Order granting Defendants' motion to deem facts admitted, which he again asserts in his response to Defendants' motion for summary judgment. *See* Resp. 2, ECF No. 49.

First, Plaintiff was aware of the proper procedures for reviewing Magistrate Judge Abel's Order granting Defendants' motion to deem facts admitted as Magistrate Judge Abel informed Plaintiff of this right. *See* Order 2, ECF No. 36. Even construing this argument as a proper objection to Magistrate Judge Abel's Order, he again fails to articulate a basis for his objection.

Accordingly, to the extent that Plaintiff's response objects to Magistrate Judge Abel's order, Plaintiff's objection is **OVERRULLED**. Alternatively, the

Court grants Defendants' motion for summary judgment irrespective of the admissions.

i.  Mayor Irvine and Service Director Shaw

Plaintiff alleges that Mayor Irvine and Service Director Shaw violated his Fourteenth Amendment right to due process because those Defendants required Plaintiff to obtain and renew a Mechanical Amusement License when, according to Plaintiff, he was never operating an arcade and there were no arcade machines at his business.

To sustain a substantive due process claim, Plaintiff must show that a dispute exists regarding whether a constitutionally protected liberty or property interest was deprived through arbitrary and capricious action by Mayor Irvine and Service Director Shaw.  *See Braun*, 519 F.3d at 573.

Plaintiff's argument appears to be that he paid for licenses that he says were not required by law.  Defendants argue that there is no evidence that the City of Logan ordinance, requiring businesses to pay a fee to obtain a Mechanical Amusement License, was arbitrarily and capriciously applied to Plaintiff.

While Plaintiff stated a plausible inference that Mayor Irvine and Service Director Shaw acted arbitrarily, he fails to support his position.  Irrespective of whether Plaintiff possessed arcade machines at his business, Mayor Irvine and Service Director Shaw, as officials of the City of Logan, may inquire and seek payment of licensing fees in accordance with the municipality's ordinances.

*Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1222 (6th Cir. 1992) ("[F]ederal courts should show great respect for the local authority's professional judgment. Plainly, they may not override it unless it is such a substantial departure from accepted norms as to demonstrate that the decisionmaker did not actually exercise professional judgment.") (citation, internal quotation marks, and alterations omitted); *see* City of Logan, Code of Ordinances § 118.02, Ex. B, PAGEID # 405, ECF No. 42-2 ("Any person displaying for public patronage or keeping for operation any mechanical amusement device, skee ball bowling alley, or shuffle board . . . shall be required to obtain a license from the city upon payment of a license fee."). Plaintiff does not produce any evidence that it was obvious that no license was required. Without more than mere allegations, Plaintiff's substantive due process claim cannot with stand summary judgment because he fails to produce evidence regarding any deprivation of a property or liberty interest or evidence of arbitrary or capricious acts by Mayor Irvine or Service Director Shaw.

To survive a motion for summary judgment regarding his procedural due process claims, Plaintiff must demonstrate that there is a genuine dispute of material fact as to whether he has an interest protected by the United States Constitution and that this interest was abridged without appropriate process. *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002).

Defendants claim that Plaintiff failed to produce evidence to show deprivation of a protected property interest. Defendants argue the undisputed

facts show that, on January 31, 2012, Plaintiff voluntarily paid a Mechanical Amusement License fee in the name of his business for the 2012 annual year. As a result, there cannot be any governmental interference when an individual "voluntarily surrender[s]" his property to the government.  Mot. Summ. J. 17, ECF No. 42.  Defendants also argue that because Plaintiff did not submit the renewal fee in 2013, Defendants could not have deprived Plaintiff of the property interest in a Mechanical Amusement License in 2013.

According to his complaint, Plaintiff ran two businesses in the City of Logan: the Mingo Trading Company and the Red Door.  *See* Compl. ¶¶ 2, 16, and 24, ECF No. 5.   Defendants produce evidence of Plaintiff's Mechanical License, which was obtained for the Red Door on January 31, 2012.  License, Ex. B, PAGEID # 411, ECF No. 42-2; *see also id.* at PAGEID # 409 (reporting thirty five "Game Machine[s]").   Plaintiff paid $100.00 for the license and the license operated until December 31, 2012.

It is unclear what Plaintiff argues is the protected property interest.  There is no evidence that the license was revoked during this time period.  According to Plaintiff, he received two notifications to renew the license, but there is no evidence that Plaintiff ever sought renewal.  Without any evidence that he was deprived of any interest, Plaintiff's procedural due process claim fails to withstand Defendants' summary judgment motion.

Plaintiff also alleges violation of his right to equal protection of the law.  He alleges Mayor Irvine's and Service Director Shaw's conduct was motivated by

Plaintiff's national origin and that other similarly situated businesses were treated more favorably.  In his complaint, Plaintiff alleges that anther company "Logan Games of Skill" was allowed to operate two blocks from Plaintiff's place of business.  Compl. ¶ 22, ECF No. 5.  According to Plaintiff, "Prosecuting Attorney Liana Fetheroff and Police Chief Aaron Miller" informed Plaintiff that he could not operate skill games.  Plaintiff also claims that Mayor Irvine stated that Logan Games of Skill operated in compliance with state regulations and city ordinances. *Id.*

As stated above, "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011).

Here, Defendants point out that the notice sent by Mayor Irvine in 2012 "was sent to all business owners believed to operate mechanical amusement devices within the City of Logan." Mot. 11, ECF No. 42; *see* Dec. 28, 2012 Letter, Ex. B, PAGEID # 412, ECF No. 11 (addressing all "Amusement & Game Machine businesses" about the payment of 2013, the next year's license fees). Defendants argue that there is no evidence that the City of Logan's ordinance was ever actually enforced against Plaintiff.

Defendants' arguments are well taken.  Plaintiff fails to produce any evidence to support his equal protection claim against Mayor Irvine and Service

Director Shaw.  First, the letter was mailed to all businesses, not just Plaintiff.

Irvine Aff. ¶ 17, ECF No. 42-2.  Second, while Plaintiff states that two

individuals—who appear to be members of the City of Logan police force—told

him that he could not operate skill games, he produces no evidence that he even

attempted to apply for a license for the 2013 year.  According to City of Logan

ordinances, as address above, Plaintiff apparently needed a license to operate

his type of business in accordance with the law.  Further, Plaintiff fails to produce

evidence that Logan Games of Skill was a similarly situated business or

articulate how the Defendants treated Plaintiff differently than Logan Games of

Skill without any rational basis for the deferential treatment.

In sum, the Court finds that Plaintiff failed to produce evidence to create a

genuine issue of material fact on his claims against Defendants Mayor Irvine and

Service Director Shaw.

### ii.  Fire Chief Robertson

Plaintiff alleges that Fire Chief Robertson violated his substantive due

process rights by acting arbitrarily when he issued a stop work order against

Plaintiff's internet café after it moved to a new location in September 2012 (the

"September 2012 property") for failure to obtain a new certificate of occupancy

and by requiring Plaintiff to obtain a certificate of occupancy after he moved the

internet café to another location in April 2013 (the "April 2013 property").

Fire Chief Robertson, as head of the City of Logan fire department, is

charged with enforcing the provisions of the Ohio Building Code that relate to fire

prevention.  It was in this capacity that Fire Chief Robertson inspected the September 2012 property, found violations of the Ohio Building Code, and instituted the process that resulted in the stop work order and requirement to obtain a certificate of occupancy.

To sustain a substantive due process claim, Plaintiff must show that a constitutionally protected property interest or liberty was deprived through arbitrary and capricious action by Fire Chief Robertson.  *See Braun*, 519 F.3d at 573.

David Weber ("Weber") was the original lessee of the September 2012 property and Defendants admit that "it is true that the Plaintiff eventually subleased the property located at 54 E. Main Street from Mr. Weber."   Mot. 7, ECF No. 42, *see* Comp. ¶ 20, ECF No. 46 (listing "Building Day" on the September 2012 property as September 19, 2012).  Defendants argue that Plaintiff "had not subleased the property at the time of the April 2012 inspection, nor had he subleased the property when the second Notice of Violation was issued by the Ohio Department of Commerce," as such, these actions cannot amount to deprivation of *Plaintiff's* substantive due process rights.   *See* Search Warrant, Ex. D, PAGEID # 421, ECF No. 42-4 (naming David P. Weber Jr. as defendant in the "Affidavit for Search Warrant" on April 10, 2012).

While Fire Chief Robertson's finding of building code violations precipitated the stop work order and subsequent requirement to obtain a certificate of occupancy, the actions predated Plaintiff's use of the September 2012 property.

Moreover the evidence submitted shows that Fire Chief Robertson did in fact find building code violations and informed the leaseholder, Weber, of the violations on April 12, 2012.  Apr. 12, 2012 Letter, Ex. D, PAGEID ## 426–30, ECF No. 42-4 (enumerating a significant number of code violations).

Plaintiff's claim that the property was shut down for seven months due to "made up" code violations, Comp. ¶ 23, ECF No. 5, is unfounded.  Defendants reportedly found building code violations and that led to the shutdown of Plaintiff's business and the subsequent "Change of Use and Occupancy Violation."  Plaintiff fails to submit evidence that the violations were "made up." Above and beyond this, Plaintiff was not the perpetrator of the found violations, he just happened to be the leaseholder after Weber.  Therefore, without a response, Plaintiff has failed to demonstrate a material fact as to how Fire Chief Robertson violated his substantive due process rights.

Plaintiff's complaint alleges a second instance when Fire Chief Robertson sent a letter to Plaintiff's business at that April 2013 property.  *See* Comp. ¶ 24, ECF No. 24.  Plaintiff does not allege any actual deprivation of his property interests and sending a notification alone does not amount to a deprivation of a property interest without due process of law.  Therefore, Plaintiff's allegation, standing alone, cannot withstand summary judgment.

Plaintiff alleges an equal protection claim that Robertson singled Plaintiff out for harassment and disparate treatment because he is Native American.

Defendants argue that Fire Chief Robertson lacked the intent required to sustain an equal protection claim.

Again, "[t]he Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011).

Here, Fire Chief Robertson began assessing the property's compliance with the City of Logan's building code well before Plaintiff occupied the property. *See* Robertson Aff. ¶ 34, ECF No. 42-4. Moreover, Plaintiff produced no evidence to show that Fire Chief Robertson acted differently toward another similarly situated property holder, such as that of Logan Games of Skill. Fire Chief Robertson attested that Logan Games of Skill obtained the requisite Certificate of Occupancy. *Id.* ¶ 30. Without evidence to show any disparate treatment, Plaintiff fails to demonstrate a dispute of material fact that his equal protection under the law was violated.

### iii. Officer Mowery

Plaintiff alleges Officer Mowery stopped a patron of Plaintiff's business, "Liz," and harassed her after she left his business. Compl. ¶ 17, ECF No. 24. Plaintiff alleges Officer Mowery attempted to deprive Plaintiff of his property without due process of law by that stop. Plaintiff also alleges that "Logan Police

Officers [of which Officer Mowery is a member] follow[ed] customers and harass[ed] them after leaving [his] place of business." *Id.*

Defendants argue that Plaintiff's claim against Officer Mowery should be dismissed because it is barred by the statute of limitations for § 1983 claims arising in Ohio. Defendants argue that the statute of limitations has run because Officer Mowery stopped "Liz" on February 20, 2010 and the appropriate statute of limitations for § 1983 claims arising in Ohio is two years. Mot. 8, ECF No. 42 (citing Ohio Rev. Code § 2304.10 and *Browning Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). Plaintiff did not institute this action until June 12, 2013, over a year late.

Plaintiff fails to respond Defendants' argument; however, in Plaintiff's complaint he alleges that the incident occurred "[o]n or about January 2012" and in the same paragraphs states that "Liz has offered to give TESTIMONY in regards to this incident that happened around 2011." Compl. ¶ 17, ECF No. 24.

The applicable statute of limitations is—in fact—set under Ohio Revised Code § 2305.10. "We hold that the two-year limitations period; *viz.*, Ohio Revised Code Ann. § 2305.10, is the appropriate statute of limitations for actions arising under 42 U.S.C. § 1983." *Browning*, 869 F.2d at 990. Defendants verify that the stop occurred on February 20, 2010, *see* Mowery Aff. ¶ 9, ECF No. 42-3; Minor Misdemeanor Citation, Ex. C, PAGEID # 416, ECF No. 42-3 (naming "Elizabeth" as the "Name of Defendant"); the dates listed in the complaint are unverified. Accordingly, any cause of action arising from the stop by Officer

Mowery is time barred. As this incident was Plaintiff's only alleged wrongdoing on the part of Officer Mowery, Defendants' motion is **GRANTED** as to Officer Mowery.

Given the Court has found that no genuine issue of material fact exists to whether Defendants violated Plaintiff's due process and equal protection rights, the Court finds that Defendants are entitled to qualified immunity.

### D. CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiff's objections, ECF No. 55, 56, and 65, **ADOPTS** Magistrate Judge Abel's R&R, ECF No. 64, and **GRANTS** Defendants' motion for summary judgment, ECF No. 42.

The Clerk shall remove ECF Nos. 42, 55, 56, and 64, from the Civil Justice Reform Act motions report and terminate the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**